**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 5 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

JOHN BENSON,

  Defendant - Appellant.

No. 03-4249

(D. Utah)

(D.C. No. 2:98-CR-197-02-DB)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Defendant John W. Benson appeals from his conviction and sentence following a jury trial on one count of conspiracy to defraud the United States by assisting in the preparation of false tax returns, in violation of 18 U.S.C. § 371, and sixty-nine counts of aiding and assisting in the preparation of false federal tax returns, in violation of 26 U.S.C. § 7206(2). He was sentenced to seventy-two months' imprisonment.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Benson was tried along with co-defendant Ernest Glenn Ambort. Both Benson and Ambort were convicted on identical charges and they raise identical issues on appeal. We have recently issued an opinion affirming Ambort's conviction and sentence. United States v. Ambort, No. 03-4243, 2005 WL1023345 (10th Cir. May 3, 2005). For the reasons stated in that opinion, we affirm Benson's conviction. We address separately the propriety of Benson's sentence under Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).

Like Ambort, Benson challenges the district court's mandatory enhancement of his sentence based upon judge-found facts, in accordance with the United States Sentencing Commission, Guidelines Manual (Nov. 1991). Benson argues that, under Blakely, his total offense level should be fourteen, not twenty-nine, as the district court found. We now consider that argument, in light of Booker, which applied Blakely's rationale to the federal Sentencing Guidelines so that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 769.

As indicated, the district court initially calculated Benson's total offense level at twenty-nine, based upon an amount of loss more than $2.5 million but

less than $5 million, and including enhancements for deriving substantial income from the enterprise, for the use of sophisticated means, for being in the business of assisting people in the filing of tax returns, and for being a leader and organizer. The court did so expressly because of the same factual findings the court made with respect to Ambort's conduct. See Ambort, 2005 WL 1023345, at **6-10; R. Vol. XXXII at 3, 8-9. This yielded a Guideline range of 87-108 months. Benson moved for a downward departure on the basis of his age and health.[1] The court granted the departure, departing down two levels to a total offense level of twenty-seven "based on extraordinary physical impairment and advanced age." R. Vol. XXXII at 9. This yielded a range of 70-87 months, and the court sentenced Benson to seventy-two months, two months above the minimum. The court further stated that it was imposing "a six year prison sentence and for a 69 year old man with those conditions I think it is quite enough if not too much." Id. at 10.

As we indicated in Ambort, the district court committed plain constitutional error under Booker when it mandatorily sentenced Benson based upon judicially-found facts. Ambort, 2005 WL 1023345, at *7. However, while the court

---

[1]Benson's attorney at sentencing stated, "[Mr. Benson] is now 69 years old and suffers from a heart defect problem, a heart illness as well as diabetes. Even of late he has been suffering from the diabetes even in court today and he is having issues with it. He has real problems with his vision because of it." R. Vol. XXXII at 4.

committed plain error, for the reasons stated in <u>Ambort</u>, we conclude that the error did not affect Benson's substantial rights. In so concluding, we note that the court in this case did, in fact, depart downward, but then imposed a sentence two months above the minimum range it reached by its downward departure. Given this record, and additionally for the reasons stated in <u>Ambort</u>, we find that Benson has failed to demonstrate a reasonable probability that the district court, sentencing post-<u>Booker</u> under a discretionary scheme, would have departed even more. <u>See</u> <u>United States v. Lawrence</u>, No. 02-1259, 2005 WL 906582, at *12 (10th Cir. Apr. 20, 2005) (noting that the district court's imposition of a sentence two months above the bottom of the range supported the conclusion that the defendant failed to show that his sentence would "likely change to a significant degree if [the case] were returned to the district court for discretionary resentencing").

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-4-