**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRENT MARQUIZE LEE,

Defendant - Appellant.

No. 06-2122
(D.C. Nos. CIV-05-1345 and
CR-02-2303 WJ)
(D.N.M.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Defendant-Appellant Brent Marquize Lee pled guilty to conspiracy to distribute and possess with intent to distribute cocaine (count I), possession with intent to distribute cocaine base (count II), and being a fugitive from justice in possession of a firearm (supplemental information). 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), 846 and 18 U.S.C. §§ 2, 922(a)(2), (g)(2). Mr. Lee indicates that in July 2003, the district court sentenced him to 188 months imprisonment as to counts I and II, and 119 months on the supplemental information, to run concurrently. Mr. Lee did not appeal his conviction or sentence. On December 27, 2005, Mr. Lee filed a 28 U.S.C. § 2255 motion alleging that his sentence was

illegal under the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). He also argued that the Booker decision resulted in a breach of his plea agreement and that he received ineffective assistance of counsel at sentencing.

After reviewing the merits, the district court dismissed Mr. Lee's petition with prejudice on February 13, 2006. R. Doc. 3 at 2. On April 17, 2006, Mr. Lee filed a notice of appeal, which we construe as a renewed application for a certificate of appealability ("COA"). Fed. R. App. P. 22(b). Because Mr. Lee has failed to demonstrate that it is reasonably debatable whether the district court's ruling dismissing his claims is correct, Slack v. McDaniel, 529 U.S. 473, 484 (2000), we deny a COA and dismiss the appeal.

As a threshold matter, we must determine whether Mr. Lee's notice of appeal is timely. As we have frequently stated, "[t]he filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction." Parker v. Bd. of Pub. Utils., 77 F.3d 1289, 1290 (10th Cir. 1996). The party claiming appellate jurisdiction, in this case Mr. Lee, has the burden of establishing our subject-matter jurisdiction. Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002).

Rule 4(a)(1)(B), Fed. R. App. P., requires that notice of appeal be filed within 60 days of the entry of judgment for any civil or criminal case in which the United States is a party. The district court entered judgment on February 13,

2006, see Fed. R. Civ. P. 58(b)(2) (noting that a judgment is entered when it is filed as a separate document), but Mr. Lee filed his notice of appeal on April 17, 2006, some 63 days later. Because Mr. Lee did not file the notice within 60 days, we have jurisdiction only if he can demonstrate compliance with the prison mailbox rule embodied in Rule 4(c)(1), Fed. R. App. P.

The prison mailbox rule states:

> If an inmate confined in an institution files a notice of appeal in either a civil or criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Fed. R. App. P. 4(c)(1).

In United States v. Ceballos-Martinez, 387 F.3d 1140, 1145 (10th Cir. 2004), we held that "[i]f a prison lacks a legal mail system, a prisoner must submit a declaration or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid." While we held the declaration or notarized statement requirement to be absolute in cases where there is no special legal mail system, we noted that a prisoner is free to file his declaration or notarization at any time until the case is resolved. Id. at 1144, n.4. Failure to comply with the declaration and notarization

- 3 -

requirement prevents this court from having jurisdiction. Id. at 1445.

We issued an order to show cause requiring Mr. Lee to address whether his notice of appeal was in compliance with the prison mailbox rule. While Mr. Lee could have submitted a declaration or notarized statement at that time, he instead included a paragraph in his brief explaining that he and his law clerk were separated because of hurricane Katrina, he had used "a third party mail system" to communicate with the court, and he had used "due diligence in filing his paperwork." Applt. Br. at 3.

If Mr. Lee did not use a legal mail system, we lack jurisdiction. Absent a legal mail system, a prisoner must submit a declaration or notarized statement listing the date of deposit with prison officials and attesting that first-class postage was pre-paid. Ceballos-Martinez, 387 F.3d at 1445. We have rejected explanations that fail to strictly comply with our requirements. See Price v. Philpot, 420 F.3d 1158, 1166-67 (10th Cir. 2005) (finding insufficient an appellant's notarized statement because it did not include the language "under penalty of perjury" as required by 28 U.S.C. § 1746); United States v. Smith, 182 F.3d 733, 735 n.1 (10th Cir. 1999) (rejecting appellant's declaration because it failed to state that first-class postage was prepaid); United States v. Herrera, 178 Fed. App'x. 830, 833 (10th Cir. 2006) (rejecting as sufficient an appellant's excuse that hurricane Katrina actually delayed the transport of his filing).

While Mr. Lee does not precisely state that he used a legal mail system, he does state that he used "a third party mail system," which under the facts herein, we equate to a "legal mail system." The envelope (correctly retained by the district court) containing Mr. Lee's notice of appeal bears independent verification that such a system was used. See Ceballos-Martinez, 387 F.3d at 1144 (declaration or notarized statement is required only "in lieu of documenting the time of deposit by way of the legal mail system"). Stamped on the envelope, which was transmitted by certified mail and postmarked April 13, 2006, is a statement from the prison indicating that Mr. Lee's envelope was received and processed "through special mailing procedures" on April 12, 2006, or 58 days after entry of judgment by the district court. Coupled with Mr. Lee's independent assertion that he used a "third party mail system," the prison's statement is sufficient proof to demonstrate that Mr. Lee used a legal mail system. See Philpot, 420 F.3d at 1165 (citing Houston v. Lack, 487 U.S. 266, 275 (1988), for the notion that the presence of a receipt log is the key component of a legal mail system). This conclusion is consistent with our practice of liberally construing a pro se litigant's pleadings, see White v. Colorado, 82 F.3d 364, 366 (10th Cir. 1997), and our inclination to decide cases on the merits as opposed to reliance on minor technicalities, see Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co., 119 F.3d 847, 848 (10th Cir. 1997).

Unfortunately for Mr. Lee, however, we find the district court's resolution of his § 2255 motion not reasonably debatable.[1] Arguments like Mr. Lee's, that his sentence is illegal under Blakely and Booker, have been rejected by this court many times. The holdings in Blakely and Booker are not retroactive and apply only to pending cases or cases on direct review when the decisions were issued. United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir. 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005); Leonard v. United States, 383 F.3d 1146, 1148 (10th Cir. 2004). Because Mr. Lee seeks collateral relief, which does not constitute direct review, Blakely and Booker are of no avail.

Mr. Lee also claims he received ineffective assistance of counsel at sentencing. To succeed on an ineffective assistance of counsel claim, Mr. Lee must show that his counsel was constitutionally deficient and that such deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Orange, 447 F.3d 792, 796 (10th Cir. 2006). Failure to demonstrate either a deficiency or prejudice is fatal to an ineffective assistance of counsel argument. Orange, 447 F.3d at 796-97.

Mr. Lee argues that his counsel was deficient because he permitted Mr.

---

[1] Mr. Lee's arguments are not the clearest, but we think the district court correctly categorized them as a Booker challenge and an ineffective assistance of counsel challenge. Mr. Lee's apparent argument that his plea should be specifically enforced, taking into account admitted facts only, is essentially an argument to apply Booker to his sentence.

Lee's sentence to be calculated based on facts that were not admitted to or proved beyond a reasonable doubt to a jury–the very issued raised in <u>Blakely</u> and <u>Booker</u>. Consequently, Mr. Lee essentially argues that his counsel was ineffective because he did not anticipate the holdings in <u>Blakely</u> and <u>Booker</u>–cases that were handed down well after Mr. Lee was sentenced. The Sixth Amendment does not entitle Mr. Lee to clairvoyant counsel. <u>See</u> <u>United States v. Harms</u>, 371 F.3d 1208, 1212 (10th Cir. 2004) ("The Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant."); <u>United States v. Carew</u>, 140 Fed. App'x 15, 18 (10th Cir. 2005) (noting that failure to predict <u>Booker</u>'s holdings is not objectively unreasonable). Accordingly, the district court's conclusion that Mr Lee's counsel was not ineffective is not reasonably debatable.

We DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge