**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 15, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GWYENNE PHILLIPS, a/k/a Jowayne
Phillips, a/k/a Tee Phillips,

Defendant - Appellant.

No. 06-7026

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. NO. 05-CR-81-W)**

---

Jim McClure, Muskogee, Oklahoma, for Defendant - Appellant.

Rob Wallace, Assistant United States Attorney (Sheldon J. Sperling, United States
Attorney, with him on the brief), Muskogee, Oklahoma, for Plaintiff - Appellee.

---

Before **TACHA**, Chief Circuit Judge, **HARTZ** and **TYMKOVICH**, Circuit
Judges.

---

**HARTZ**, Circuit Judge.

---

Gwyenne Phillips appeals his conviction in the United States District Court

for the District of Oklahoma on a charge of possession of a firearm by a convicted

felon. *See* 18 U.S.C. § 922(g)(1). He contends that the district court erred in admitting at trial DNA evidence that the Muskogee Police Department obtained through a search warrant. Arguing that the affidavit in support of the warrant included a statement he made without having been advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), Mr. Phillips insists that the DNA evidence was therefore inadmissible. We have jurisdiction under 28 U.S.C. § 1291. We affirm because physical evidence obtained as fruit of a voluntary statement by a defendant to a law-enforcement officer is admissible at trial regardless of whether the officer gave the defendant *Miranda* warnings.

Mr. Phillips had been arrested for the armed robbery of a pawn shop in Muskogee, Oklahoma. While Mr. Phillips was in custody, Detective David Lyons of the Muskogee Police Department went to the Muskogee County Detention Center to question him about the robbery. As Lyons approached Mr. Phillips, he noticed that Mr. Phillips was limping. Lyons inquired about the limp, and Mr. Phillips responded that he had been shot.

Detective Lyons reported this conversation in an affidavit supporting a search warrant to obtain Mr. Phillips's DNA by buccal swab. The purpose of obtaining the DNA was to compare it to that of blood found on a jacket the police recovered near the scene of the robbery, along with a gun and other materials.

The DNA obtained through Mr. Phillips's buccal swab matched that of the blood on the jacket.

The gun found near the jacket was the basis of the charge against Mr. Phillips under § 922(g)(1). At trial the DNA evidence was admitted, and an expert explained its significance.

Mr. Phillips contends that the warrant for the buccal swab was defective because the supporting affidavit relied on the statement he offered to Detective Lyons without a *Miranda* warning. Accordingly, he asserts, the DNA evidence recovered through the warrant should have been suppressed. We assume the truth of Mr. Phillips's assertion that he did not receive a *Miranda* warning before the conversation. On the other hand, Mr. Phillips does not argue that his statement was involuntary. Under recent Supreme Court authority, the evidence is therefore admissible.

In *United States v. Patane*, 542 U.S. 630 (2004), police officers seized a gun after the defendant, in response to custodial questioning without a *Miranda* warning, disclosed the gun's location and gave the officers permission to retrieve it. *See id.* at 635 (plurality opinion). The Court held that physical evidence that is the fruit of a voluntary statement should not be suppressed even if the statement was elicited without a *Miranda* warning. *See id.* at 634 ("[T]he Self-Incrimination Clause . . . is not implicated by the introduction at trial of

physical evidence resulting from voluntary statements . . . ."); *id.* at 645 (Kennedy, J., concurring) ("Admission of nontestimonial physical fruits . . . does not run the risk of admitting into trial an accused's coerced incriminating statements against himself."); *United States v. Pettigrew*, No. 05-2187, 2006 WL 2946893, at *5 (10th Cir. Oct. 12, 2006) ("[T]he prosecution may still introduce physical evidence seized as a result of a *Miranda* violation."). Although in this case, unlike in *Patane*, the suspect's statement was used to obtain a search warrant, this difference is immaterial. The essential point is that the evidence admitted at trial was physical evidence (and scientific testimony interpreting that evidence)—not Mr. Phillips's statement itself.

We AFFIRM the judgment below.