**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FREDDIE McGEE,

        Petitioner–Appellant,

v.

DUKE TERRELL, Warden;
ALBERTO GONZALEZ, United
States Attorney General; UNITED
STATES OF AMERICA,

        Respondents–Appellees.

No. 06-3220

(D.C. No. 06-CV-3074-RDR)

(D. Kan.)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, **McKAY,** and **McCONNELL**, Circuit Judges.

Petitioner brings this *pro se* § 2241 appeal challenging his confinement in the federal penitentiary in Leavenworth, Kansas on grounds that it violates: (1) 18 U.S.C. § 4001(a); (2) his First Amendment right to "Freedom of Intimate Association with his family as he prefers"; and (3) due process.

As a preliminary matter, we must resolve a jurisdictional dispute.

---

[*] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioner's filing arrived one day past the applicable filing deadline. Petitioner asserts that he mailed his notice of appeal within the applicable time frame and therefore should receive the benefit of the prisoner mailbox rule. Respondents disagree. They contend that Petitioner's certificate of service failed to comply with the requirements of Federal Rule of Appellate Procedure 4(c) because Petitioner did not attest that first-class postage was prepaid. *See United States v. Smith*, 182 F.3d 733, 735 n.1 (10th Cir. 1999) (rejecting Petitioner's declaration for failure to state that first-class postage was prepaid).

Pursuant to this court's jurisdictional show cause order, Petitioner submitted a declaration in conformance with Rule 4(c) stating that he deposited his notice of appeal with the "institution legal mail room." Petitioner also attached a photocopy of the original envelope that contained Petitioner's notice of appeal, which bears a stamp indicating that Petitioner's notice of appeal was received and processed "through special mailing procedures" on June 2, 2006, three days prior to expiration of the filing deadline. Accordingly, we conclude that our exercise of jurisdiction is appropriate. *See United States v. Lee*, 196 Fed. App'x 719, 722 (10th Cir. 2006) (unpublished) (concluding that combination of stamped envelope indicating "special mailing procedures" were employed and independent assertion that a "third party mail system" was used constituted sufficient proof to justify the prisoner mailbox rule).

Turning to the merits of Petitioner's § 2241 appeal, we agree with the

district court that Petitioner's claims are frivolous. All of Petitioner's claims appear to be based on his allegation that his sentence was illegally enhanced beyond the maximum authorized by Congress. The district court correctly held that claims challenging the legality of a sentence are the province of a § 2255 petition, not a § 2241 petition. *See Bradshaw v. Story*, 86 F.3d 164 (10th Cir. 1996). Petitioner has not provided any factual allegations suggesting that a § 2255 petition would provide an inadequate or ineffective remedy for his claims. To the extent that Petitioner intended to challenge the conditions of his confinement or execution of his sentence, we note that he has provided no factual allegations supporting such a challenge.

**AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge