FILED
United States Court of Appeals
Tenth Circuit

May 21, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellant,

v.

TEDDY P. CHIQUITO,

        Defendant - Appellee.

No. 07-2287
(D. New Mexico)
(D.C. Nos. CV-07-630-MCA-ACT
and CR-03-892-MCA)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BRISCOE**, **MURPHY,** and **HARTZ**, Circuit Judges.

    This matter is before the court on Teddy P. Chiquito's pro se requests for a

certificate of appealability ("COA") and to proceed on appeal *in forma pauperis*.

Chiquito seeks a COA so he can appeal the district court's denial of his 28 U.S.C.

§ 2255 motion.  28 U.S.C. § 2253(c)(1)(B).  We **grant** Chiquito's request to

proceed on appeal *in forma pauperis*.  Nevertheless, because Chiquito has not

"made a substantial showing of the denial of a constitutional right," *id.*

§ 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

    Because the procedural history of this case is set out in this court's opinion

on direct appeal affirming Chiquito's convictions, it need not be repeated here.

*United States v. Chiquito*, 175 F. App'x 215, 216-17 (10th Cir. 2006).  In the

instant § 2255 motion, Chiquito alleged as follows: (1) his convictions violate the Fifth Amendment's prohibition against double jeopardy; (2) the trial court erred in refusing to strike certain paragraphs from the presentence report ("PSR"); and (3) trial and appellate counsel were ineffective for failing to raise the previous two issues. Chiquito's § 2255 motion was referred to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B).

The magistrate judge issued a Report and Recommendation, recommending that Chiquito's § 2255 motion be denied. As to Chiquito's double jeopardy claim, the magistrate judge noted he had previously raised such a claim on direct appeal. *Chiquito*, 175 F. App'x at 219. Accordingly, he could not relitigate the claim. *United States v. Prichard*, 875 F.2d 789, 790-91 (10th Cir. 1989). To the extent he was asserting new grounds in support of his double jeopardy claim, the district court concluded the claim was procedurally defaulted because those grounds were not raised on direct appeal and Chiquito failed to make the necessary showing to overcome his procedural default. *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). The magistrate judge concluded Chiquito's sentencing claim was also procedurally defaulted because it was not raised on direct appeal.

Nevertheless, to resolve Chiquito's claims of ineffective assistance, the district court considered on the merits the defaulted claims. *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). Applying the test set out in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), the magistrate judge

-2-

concluded Chiquito's double jeopardy claim failed because each of the offenses for which he was convicted required proof of a different element. Accordingly, counsel was not ineffective for failing to raise the issue on appeal. The magistrate likewise concluded Chiquito's counsel was not ineffective for failing to object to certain paragraphs in the PSR. A review of the sentencing transcript revealed the trial court had not, in arriving at a sentence, relied on any of the information in the paragraphs identified by Chiquito. Thus, Chiquito could not demonstrate any prejudice flowing from counsel's failure to raise the issue and his claim of ineffective assistance failed. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that to prevail on a claim of ineffective assistance, a movant must demonstrate both that his counsel's performance was deficient and that the deficient performance prejudiced him). Upon de novo review, the district court adopted the Report and Recommendation and denied Chiquito's § 2255 motion.

The granting of a COA is a jurisdictional prerequisite to Chiquito's appeal from the dismissal of his § 2255 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Chiquito must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). In evaluating

-3-

whether Chiquito has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Chiquito need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Chiquito's appellate filings, the district court's Order, the magistrate judge's Report and Recommendation, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Chiquito is not entitled to a COA. The district court's resolution of Chiquito's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **DENIES** Chiquito's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk

-4-