**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

ERNEST GLENN AMBORT,

　　　　Defendant-Appellant.

No. 08-4004
(D.C. Nos. 2:06-CV-00642-DB &
2:98-CR-00197-DB-1)
(D. Utah)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **MURPHY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

　　　　Ernest Glenn Ambort, a federal inmate proceeding pro se, requests a

certificate of appealability (COA) to perfect his appeal from the district court's

order that denied his motion to vacate, set aside, or correct his sentence under

28 U.S.C. § 2255.  We deny the request and dismiss this appeal.

---

[*]　　　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

Ambort and various co-defendants operated Association de Libertas (ADL), an organization that conducted "constitutional history seminars throughout the United States." *United States v. Ambort*, 405 F.3d 1109, 1113 (10th Cir. 2005) (quotation omitted).

> The basic precept of the ADL's seminars was that anyone can, for federal income tax purposes, claim to be a "nonresident alien" with no domestic-source income. ADL instructors told participants that the Fourteenth Amendment changed the definition of citizenship so that only non-white residents of the territorial United States were actually "residents" for income tax purposes. Thus, Ambort and his co-defendants told customers that they were to claim on their income tax returns that they were nonresident aliens, regardless of their place of birth, and to write "n/a" in the place where the tax forms asked for the taxpayer's social security number. They also told customers that they could use IRS Form 1040X to file a corrected return for the previous three tax years, assert nonresident status for each year, and obtain a full refund of any taxes paid or withheld for that period.

*Id.* ADL charged a fee for assisting attendees complete tax forms, which included a percentage of any refund obtained by the attendee. "Ambort was aware that the ADL position was not accepted law, and that the IRS had rejected it. He was aware that tax returns submitted by numerous ADL clients had been returned as frivolous by the IRS and had incurred penalties." *Id.*

The government indicted Ambort, and a jury convicted him, on sixty-nine counts of aiding and assisting the preparation of false tax returns in violation of 26 U.S.C. § 7206(2), and on one count of conspiring to defraud the United States

in violation of 18 U.S.C. § 371. After an unsuccessful direct appeal, Ambort moved the district court for § 2255 relief.

In the § 2255 motion, Ambort advanced numerous arguments, many of which are not altogether clear to us. The following five arguments from that motion appear to be relevant to Ambort's request for a COA: (1) the trial judge improperly restricted his good-faith defense; (2) the government failed to prove that refund claims must have legal support; (3) "the statements [about residency] were . . . the truthful grounds upon which the [refund] claims were based," R., Doc. 1 at 19; (4) he was misled by Supreme Court precedent, tax statutes, tax regulations, and tax forms into believing that his actions were lawful; and (5) trial counsel was ineffective because he would not pursue Ambort's legal strategies, such as calling a co-defendant to testify on "the modes and procedures used by the Crown of England to collect its revenues," *id.* at 45.

The district court summarily denied the motion, stating that "[m]any of . . . Ambort's arguments were included or should have been included in his [direct] appeal," and that the remainder of his arguments were "entirely without merit." R., Doc. 5 at 1. The district court did not grant Ambort a COA.

## DISCUSSION

The granting of a COA is a jurisdictional prerequisite to appealing the district court's denial of a § 2255 motion. *United States v. Chiquito*, 526 F.3d 1310, 1312 (10th Cir. 2008). A COA may be issued "only if the applicant has

made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To make the requisite showing, [the applicant] must demonstrate [that] reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Chiquito*, 526 F.3d at 1312 (quotation omitted). To determine whether this standard has been met, "this court undertakes a preliminary, though not definitive, consideration of the legal framework applicable to each of [the] claims." *Id.* (quotation and brackets omitted). While the applicant need not establish that the "appeal will succeed to be entitled to a COA, he must prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotation omitted).

We conclude that it is not reasonably debatable that the district court erred in denying Ambort's § 2255 motion or that Ambort's issues warrant further attention. First, Ambort's arguments concerning his good-faith defense, the need for a lawful basis in claiming a refund, and the use of "truthful grounds" to obtain refunds were resolved by this court on direct appeal. *See Ambort*, 405 F.3d at 1114-17. Consequently, those arguments may not be resurrected in these § 2255 proceedings. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

Second, Ambort's argument about misleading tax laws and forms could have been, but was not, raised on direct appeal. Ambort apparently seeks to avoid

-4-

the procedural bar that typically arises under these circumstances by asserting that his appellate counsel was ineffective in omitting this argument from his direct appeal. *See United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) (noting that a § 2255 movant's failure to raise arguments on direct appeal imposes a procedural bar to habeas review unless he can show both good cause and actual prejudice to his defense, or that failure to consider the argument will result in a fundamental miscarriage of justice).

But to establish ineffective assistance, Ambort must show that counsel's performance was deficient and that there is a reasonable probability that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). We conclude that Ambort's appellate counsel did not perform deficiently in failing to raise a patently meritless legal issue. *See Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003). Specifically, there is nothing in the federal tax laws and the forms he references that supports his view of the Fourteenth Amendment or his misrepresentation of nonresident-alien status to obtain refunds. *See Ambort v. United States*, 392 F.3d 1138, 1140-41 (10th Cir. 2004) (collecting cases). Consequently, Ambort's argument about misleading tax laws and forms is procedurally barred.

Finally, we find no merit to Ambort's claim that trial counsel was ineffective because he rejected Ambort's legal strategies.[1]  Disagreement over trial strategy is generally not a basis for ineffective assistance of counsel.  *See Strickland*, 466 U.S. at 688-89.  Moreover, Ambort's strategies were legally flawed.  In particular, testimony about English revenue-collection procedures would have been irrelevant, and therefore, inadmissible.  *See* Fed. R. Evid. 402.

## CONCLUSION

Because Ambort has not "made a substantial showing of the denial of a constitutional right," § 2253(c)(2), we DENY his request for a COA and DISMISS this appeal.

Ambort's motion to proceed in forma pauperis is DENIED for lack of a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action."  *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).  Ambort is ordered to pay the entire appellate filing fee of $455.00 within thirty days of the date of this order.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[1]     The procedural-bar rule does not apply to claims of ineffective assistance of trial counsel, "whether or not the [defendant] could have raised the claim on direct appeal."  *Massaro v. United States*, 538 U.S. 500, 504 (2003).