**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 16, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOHN BENSON,

      Defendant-Appellant.

No. 08-4050
(D.Utah)
(D.C. No. 2:06-CV-00651-DB)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

      Defendant-Appellant, John Benson, appearing pro se, requests a certificate

of appealability ("COA") to perfect his appeal from the district court's order that

denied his motion to vacate, set aside, or correct his sentence under 28 U.S.C. §

2255. Mr. Benson also filed a motion to proceed on this appeal in forma pauperis

("IFP"). We exercise jurisdiction under 28 U.S.C. § 1291. Reviewing Mr.

---

[*]    After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this matter. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This Order is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Benson's filings liberally,[1] we conclude that Mr. Benson has failed to make a substantial showing of a denial of a constitutional right and has not articulated a reasoned, nonfrivolous argument on the law and facts in support of the issues raised here. Accordingly, we **DENY** Mr. Benson's motions for a COA and to proceed IFP, and **DISMISS** his appeal.

## BACKGROUND

Mr. Benson was convicted along with other co-defendants "on one count of conspiracy to defraud the United States by assisting in the preparation of false tax returns, in violation of 18 U.S.C. § 371, and sixty-nine counts of aiding and assisting in the preparation of false federal tax returns, in violation of 26 U.S.C. § 7206(2)." *United States v. Benson*, 131 F. App'x 626, 627 (10th Cir. 2005). After an unsuccessful direct appeal, Mr. Benson moved the district court for § 2255 relief, asserting numerous grounds for relief.

The district court categorized Mr. Benson's grounds for relief as "(1) those related to the merits of Mr. Benson's defenses that were previously raised at trial and on direct appeal; (2) those related to the merits of Mr. Benson's defenses that he failed to raise on direct appeal; and (3) those related to his claim of ineffective assistance of counsel." R. Vol. II, Doc. 23, at 2 (Dist. Ct. Order, dated May 4, 2007). The district court denied Mr. Benson's motion on all grounds.

---

[1] Because Mr. Benson is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

Mr. Benson made a timely motion for reconsideration. The district court denied this motion. Mr. Benson then had 60 days to file his notice of appeal. However, his notice of appeal was not filed in the district court until one day after the 60-day time limit. Although the certificate of mailing that accompanied the notice of appeal stated that it was placed in the FCI-Petersburg legal mail system within the 60-day time limit, it did not include a notarized statement or, in the alternative, a declaration in compliance with 28 U.S.C. § 1746, as required by Fed. R. App. P. 4(c)(1).

This Court issued an order directing Mr. Benson to show cause why his appeal should not be dismissed as untimely, due to his failure to comply with Fed. R. App. P. 4(c)(1). Mr. Benson filed a response with an attached "Declaration of Mailing Notice of Appeal," which outlined the events that took place when he mailed the notice of appeal within the 60-day time limit.

## DISCUSSION

### I.    Subject Matter Jurisdiction

Although Mr. Benson's notice of appeal was filed in the district court one day after the 60-day time limit, we conclude that it is timely under Fed. R. App. P. 4(c)(1). Accordingly, we have jurisdiction over this matter.

"We have subject-matter jurisdiction only if [Mr. Benson's] notice of appeal comports with the provisions of Fed. R. App. P. 4(c)(1) or if he has subsequently filed a declaration or notarized statement that does." *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004). "[A] prisoner is free to file his

declaration or notarization at any time until the case is resolved." *United States v. Lee*, 196 F. App'x 719, 721 (10th Cir. 2006). Fed. R. App. P. 4(c)(1) states:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Mr. Benson's notice of appeal was filed in the district court outside the required 60-day time limit. Yet, his certificate of mailing that accompanied the notice was dated within the 60-day time limit. The certificate, however, did not include a notarized statement, or a declaration that it was in compliance with § 1746. Mr. Benson subsequently filed a declaration of mailing notice of appeal that included a statement in compliance with § 1746, under penalty of perjury. Because Mr. Benson was free to file his declaration or notarization at any time until the case was resolved and his subsequently-filed declaration of mailing notice of appeal is in compliance with 28 U.S.C. § 1746, Mr. Benson has sufficiently established the basis for our subject matter jurisdiction.

## II. Merits

A prisoner who has been denied § 2255 relief in a district court must seek and obtain a COA prior to an appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *United States v. Chiquito*, 273 F. App'x 771, 772 (10th Cir. 2008). This is a jurisdictional prerequisite. *Miller-El*, 537 U.S. at 336. A COA may only be issued

if Mr. Benson makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To make the requisite showing, he must demonstrate 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Chiquito*, 273 F. App'x at 773 (quoting *Miller-El*, 537 U.S. at 336). To determine whether Mr. Benson has satisfied his burden, we undertake a "preliminary, though not definitive, consideration of the [legal] framework." *Miller-El*, 537 U.S. at 338; *see Chiquito*, 273 F. App'x at 773. "Although [Mr. Benson] need not demonstrate his appeal will succeed to be entitled to a COA, he must 'prove something more than the absence of frivolity or the existence of mere good faith.'" *Chiquito*, 273 F. App'x at 773 (quoting *Miller-El*, 537 U.S. at 338).

Mr. Benson has adopted the identical brief requesting a COA as his co-defendant, Ernest Glenn Ambort. With two significant exceptions, his arguments are those put forward by Mr. Ambort. We previously concluded that Mr. Ambort's arguments were without merit. *United States v. Ambort*, 282 F. App'x 714, 715-16 (10th Cir. 2008). We will not endeavor to repeat that analysis here. Except for the two new lines of argument that Mr. Benson advances here, we summarily reject his contentions for a COA under the reasoning of our *Ambort* decision.

As for the two new lines of argument, the first relates to Mr. Benson's claim of ineffective assistance of trial and appellate counsel. Mr. Benson must show that his attorney's performance was deficient and that the deficient performance

-5-

prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, Mr. Benson must show that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88.

We find no merit in Mr. Benson's contentions of ineffective assistance of counsel. As to trial counsel, Mr. Benson's allegations of ineffectiveness are actually based upon the actions of (co-defendant) Mr. Ambort's attorney. Mr. Benson claims that he waived his right to self-incrimination as part of a joint defense agreement with Mr. Ambort and, as a consequence, he expected Mr. Ambort's attorney to call him to testify concerning his understanding of the tax laws, which Mr. Benson believes would have aided his defense as well as Mr. Ambort, but Mr. Ambort's attorney failed to call him.

Mr. Benson does not cite to any authority in support of the proposition that his self-incrimination waiver in the context of a claimed joint defense agreement allowed him to become "the beneficiary of [Mr. Ambort's] independent constitutional rights," including the right to the "effective assistance of counsel" of Mr. Ambort's attorney. COA Application at 7. On that basis alone, we may reject this contention. *See, e.g.*, *Amundsen v. Jones*, 533 F.3d 1192, 1201 (10th Cir. 2008) (noting that plaintiff "provides no authority to support this proposition, and we therefore decline to consider this argument"). Furthermore, we previously concluded that Mr. Ambort's claim of ineffective assistance of trial counsel could not prevail when his attorney declined to advance tax theories similar to those as to which Mr. Benson sought to offer his testimony. *Ambort*, 282 F. App'x at 717 (noting that

-6-

"[d]isagreement over trial strategy is generally not a basis for ineffective assistance of counsel"). Accordingly, even if Mr. Benson could somehow establish that he was a beneficiary of Mr. Ambort's Sixth Amendment right to effective assistance of counsel, his arguments would meet a similar fate as those of Mr. Ambort—*viz.*, they would fail. Mr. Benson also argues that his appellate counsel was ineffective because he failed to bring up on appeal certain defenses that Mr. Benson deemed to be "essential." COA Application at 7. However, this is not enough to meet the heavy burden of showing that his appellate counsel's performance was deficient. In particular, Mr. Benson does not elaborate on the nature of the defenses in question and, therefore, he has provided no foundation for relief. Furthermore, insofar as his defenses were akin to those of Mr. Ambort, the failure of Mr. Benson's appellate counsel to raise them would not amount to deficient performance. *See Ambort*, 282 F. App'x at 716 ("We conclude that Ambort's appellate counsel did not perform deficiently in failing to raise a patently meritless legal issue.").

Second, Mr. Benson argues that his conviction was procured by fraud on the court. Mr. Benson's argument is simply without merit.

> Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). Mr. Benson alleges that the

government failed to produce certain tax records beneficial to his defense. Even if this were proven to be true, this is not the type of egregious misconduct that constitutes fraud on the court. Accordingly, for the reasons noted, we conclude that Mr. Benson has not made a substantial showing of a denial of a constitutional right. Therefore, we decline to grant a COA.

Lastly, because we conclude that Mr. Benson has failed to show the existence of a reasoned, nonfrivolous argument on the law and supporting facts, we exercise our discretion to deny his motion to proceed IFP. *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999) (upholding denial of leave to proceed IFP and noting that petitioner "has not made a reasoned, nonfrivolous argument in law or fact to support his petition"); *Ambort*, 282 F. App'x at 717.

## CONCLUSION

For the reasons noted above, we **DENY** Mr. Benson's motions for a COA and to proceed IFP, and **DISMISS** this appeal.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge

-8-