FILED
United States Court of Appeals
Tenth Circuit

December 31, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GWYENNE PHILLIPS,

    Defendant-Appellant.

No. 08-7067
(D.C. Nos. 6:08-CV-00120-RAW;
6:05-CR-00081-RAW-1)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

    Defendant-Appellant Gwyenne Phillips, appearing pro se, seeks a

certificate of appealability ("COA") in order to challenge the district court's

dismissal of his 28 U.S.C. § 2255 motion. We exercise jurisdiction under 28

U.S.C. § 1291. Reviewing Mr. Phillips's filings liberally,[1] we conclude that the

---

[*]    This Order is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After
examining the briefs and the appellate record, this three-judge panel has
determined unanimously that oral argument would not be of material assistance in
the determination of this matter. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

[1]    Because Mr. Phillips is proceeding pro se, we review his pleadings and
(continued...)

district court properly denied his motion.  Accordingly, we **DENY** his request for a COA and **DISMISS** his appeal.

## BACKGROUND

Mr. Phillips was convicted of being a felon in possession of a firearm.  This court affirmed his conviction in *United States v. Phillips*, 468 F.3d 1264 (10th Cir. 2006), *cert. denied,* 127 S. Ct. 1893 (2007).

In his § 2255 motion, Mr. Phillips asserted multiple claims for relief, including those centered on the alleged ineffective assistance of his trial and appellate counsel.  The government filed a response, and the district court denied Mr. Phillips's § 2255 motion.[2]  Mr. Phillips appeals.

---

[1](...continued)
filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

[2]  In his request for a COA, Mr. Phillips says that he did not receive a copy of the government's response and, therefore, had no opportunity to reply to it before the district court entered its order denying his § 2255 motion.  However, although suggesting that prison mail logs would support his contention, Mr. Phillips has not presented to us relevant portions of such logs or any other evidence that would serve to validate his non-receipt contention.  Furthermore, there is no indication in the record that Mr. Phillips asked the district court to reconsider its order or otherwise sought relief from the district court in light of his alleged non-receipt of the government's response.  On the other hand, the government averred in its certificate of service that its response was served on Mr. Phillips.   Therefore, Mr. Phillips has given us no foundation for factoring into our decision-making calculus his alleged non-receipt of the government's § 2255 response, and we have not done so.  We have carefully considered, however, the merits of Mr. Phillips's substantive arguments advanced in support of COA relief.  Ultimately, we conclude *infra* that they are unavailing.

## DISCUSSION

A prisoner who has been denied § 2255 relief in a district court must seek and obtain a COA prior to an appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *United States v. Chiquito*, 273 F. App'x 771, 772 (10th Cir. 2008). This is a jurisdictional prerequisite. *Miller-El*, 537 U.S. at 336. A COA may only be issued if Mr. Phillips makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To make the requisite showing, he must demonstrate 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Chiquito*, 273 F. App'x at 773 (quoting *Miller-El*, 537 U.S. at 336).

To determine whether Mr. Phillips has satisfied his burden, we undertake a "preliminary, though not definitive, consideration of the [legal] framework." *Miller-El*, 537 U.S. at 338; *Chiquito*, 273 F. App'x at 773. "Although [Mr. Phillips] need not demonstrate his appeal will succeed to be entitled to a COA, he must 'prove something more than the absence of frivolity or the existence of mere good faith.'" *Chiquito*, 273 F. App'x at 773 (quoting *Miller-El*, 537 U.S. at 338). In reviewing the denial of a § 2255 motion, we review the district court's legal rulings de novo and its findings of fact for clear error. *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006).

In his application for a COA, Mr. Phillips focuses on his contentions

involving alleged ineffectiveness of appellate counsel. "A claim for ineffective assistance of counsel presents a mixed question of fact and law, which we review de novo." *Id.*

Specifically, Mr. Phillips asserts that it is a per se conflict of interest for trial counsel to represent a defendant as appellate counsel, as took place here. Based on this assertion, Mr. Phillips argues that his appellate counsel was ineffective because he was "unlikely to raise issues of his own impropriety as a trial counsel" on appeal. COA Application at 2. Having thoroughly reviewed the record, however, we reject Mr. Phillips's contention for substantially the reasons articulated by the district court. As the district court explained, Mr. Phillips's argument "is obviated by the Tenth Circuit holding that 'ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.'" R., Vol. I., Doc. 11, at 1 (Dist. Ct. Order Denying § 2255 Relief, dated June 19, 2008) (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995)). We agree with the district court: on this basis, Mr. Phillips's appellate counsel did not render ineffective assistance and reasonable jurists would not view the point as debatable.

## CONCLUSION

For the reasons noted, Mr. Phillips has not made "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Accordingly, we **DENY** Mr.

Phillips's request for a COA and **DISMISS** this appeal.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge
