FILED
United States Court of Appeals
Tenth Circuit

September 9, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

EDUARDO GARCIA-GUTIERREZ,

      Defendant - Appellant.

No. 11-3128
(D.C. Nos. 6:10-CV-01389-WEB and
6:08-CR-10080-WEB-1
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

Eduardo Garcia-Gutierrez, a federal prisoner appearing *pro se*, seeks a certificate

of appealability ("COA") that would allow him to appeal from the district court's order

denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C.

§ 2253(c)(1)(A) (requiring COA to appeal order denying a § 2255 petition). We deny

Mr. Garcia-Gutierrez's request and dismiss this appeal because his § 2255 petition was

untimely.

---

     * This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In April 2008, Mr. Garcia-Gutierrez was indicted on one count of illegal reentry subsequent to a conviction for an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On June 11, 2008, Mr. Garcia-Gutierrez pled guilty to the charge pursuant to a plea agreement. The written plea agreement contained a provision in which Mr. Garcia-Gutierrez agreed to waive his rights to directly or collaterally challenge his prosecution, conviction, or sentence. On August 25, 2008, the district court entered judgment, sentencing Mr. Garcia-Gutierrez to 57 months of imprisonment. Mr. Garcia-Gutierrez did not file a direct appeal.

On November 15, 2010, Mr. Garcia-Gutierrez filed a petition attacking his sentence under 28 U.S.C. § 2255. In his petition, he argued, among other things, that he was denied effective assistance of counsel because his attorney did not file a direct appeal on his behalf. The government requested Mr. Garcia-Gutierrez's petition be dismissed, arguing that it was (1) barred by the waiver provision in the written plea agreement, and (2) untimely because it was filed more than one year after Mr. Garcia-Gutierrez's conviction became final.

The district court dismissed Mr. Garcia-Gutierrez's § 2255 petition, concluding that it was time-barred based on the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). In support of this conclusion, the district court noted that "the judgment in [Mr. Garcia-Gutierrez's] case . . . became final on September 11, 2008 . . . [and he] did not file [his § 2255 petition] until November 15, 2010, well past the one year statute of limitations." *United States v.*

*Gutierrez*, No. 08-1008-WEB, 2011 U.S. Dist. LEXIS 41471, at *4 (D. Kan. Apr. 15, 2011). In its order of dismissal, the district court also concluded that Mr. Garcia-Gutierrez had failed to demonstrate any entitlement to equitable tolling of the one-year limitations period.[1] *See id.* at *3-4.

Mr. Garcia-Gutierrez now seeks a COA from this court.[2] The granting of a COA is a jurisdictional prerequisite to Mr. Garcia-Gutierrez's appeal from the district court's denial of his § 2255 petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *United States v. Chiquito*, 526 F.3d 1310, 1312 (10th Cir. 2008). Where, as here, the district court dismisses a petition on procedural grounds, we will grant a COA only if the petitioner can "demonstrate both that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Clark v. Oklahoma,* 468 F.3d 711, 713 (10th Cir. 2006) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). As a further overlay on this standard, we review for abuse of discretion a district court's decision that a defendant is not entitled to have the one-year limitations period for filing a § 2255 petition equitably tolled. *See Burger v.*

---

[1] Equitable tolling is available "only in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotation omitted).

[2] Because Mr. Garcia-Gutierrez is proceeding *pro se*, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

*Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

In his brief to this court and application for COA, Mr. Garcia-Gutierrez has not challenged or addressed the district court's procedural ruling. Additionally, Mr. Garcia-Gutierrez has not presented any argument that the district court miscalculated the one-year period for filing his § 2255 petition or that the court erroneously resolved the equitable tolling question. Instead, he has simply reasserted the substantive arguments he made in his original § 2255 petition.

Mr. Garcia-Gutierrez has failed to show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. And, after reviewing Mr. Garcia-Gutierrez's appellate filings, the district court's order, and the entire record before this court, we conclude that the district court did not abuse its discretion in determining that Mr. Garcia-Gutierrez failed to demonstrate the type of extraordinary circumstance that justifies equitably tolling the one-year limitations period set forth in § 2255(f) of the AEDPA. We therefore **DENY** Mr. Garcia-Gutierrez's request for a COA and **DISMISS** this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge