**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ESMERELDA VILLA,

Defendant - Appellant.

No. 08-3319
(D. Ct. No. 6:08-CR-10004-JTM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **HOLLOWAY**, and **GORSUCH**, Circuit Judges.

Defendant-appellant Esmerelda Villa was charged with possession of

cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(A). The district court denied Ms. Villa's motion to suppress evidence

found in the rental vehicle she was driving at the time of her arrest. Ms. Villa

then entered a guilty plea conditioned on the outcome of this appeal of the denial

of her motion to suppress. On appeal, Ms. Villa contends: (1) the dog sniff of the

rental vehicle that was parked in a public place required probable cause; (2) the

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

dog used in this case was too unreliable for its alert to provide probable cause to search the rental vehicle; and (3) the district court erred by refusing to order additional discovery of documentary evidence regarding the dog's reliability. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

In September 2007, Ms. Villa was driving a rental vehicle on a Kansas highway when Kansas State Trooper Charles Boydston stopped her for speeding. After Ms. Villa admitted to driving on a suspended license, Trooper Boydston arrested her and asked Ms. Villa's passenger to follow him and Ms. Villa to the Phillips County Sheriff's Department. While Trooper Boydston processed Ms. Villa, Sheriff's Deputy Nathan Mathes led a drug-detection dog around the rental vehicle Ms. Villa's passenger had parked in front of the Phillips County Sheriff's Department. The dog immediately alerted by barking, biting, and scratching at the driver's side door. Deputy Mathes then returned the dog to his own vehicle, obtained the keys to the rental vehicle, and executed a search of the rental vehicle with another officer. During the search the officers discovered 7.48 kilograms of cocaine.

Ms. Villa moved to suppress the drugs found during the search of the rental vehicle. At the suppression hearing, Deputy Mathes testified that the dog used in this case was certified at the time it alerted to the rental vehicle. On cross examination, Deputy Mathes testified that during his work with the dog he had

found drugs after the dog alerted about thirty times and had not found drugs after the dog alerted about thirty times. Deputy Mathes clarified, however, that ninety-nine percent of the times when he did not find drugs after the dog alerted, the subject of the search admitted drugs had been kept in the area in the past. The district court denied Ms. Villa's motion to suppress which she now appeals.

## II. DISCUSSION

"When reviewing the denial of a motion to suppress, we view the evidence in the light most favorable to the government, accept the district court's findings of fact unless clearly erroneous, and review de novo the ultimate determination of reasonableness under the Fourth Amendment." *United States v. Apperson*, 441 F.3d 1162, 1184 (10th Cir. 2006) (quotations omitted).

A.      The Dog Sniff Was Not a Search that Required Probable Cause

Police conduct that "does not 'compromise any legitimate interest in privacy' is not a search subject to the Fourth Amendment." *United States v. Caballes*, 543 U.S. 405, 408 (2005) (quoting *United States v. Jacobsen*, 466 U.S. 109, 123 (1984)). There is no legitimate interest in possessing illegal substances; therefore, police conduct that only reveals the presence of illegal substances does not "compromise any legitimate interest in privacy." *Id*. Accordingly, the use of a reliable drug-detection dog, which does not expose the presence of legal substances or other items in which there is a legitimate privacy interest, generally is not a search that implicates the Fourth Amendment. *Id*. at 409.

Ms. Villa contends the Supreme Court's holding in *Caballes*—that a dog sniff by a reliable drug-detection dog does not implicate the Fourth Amendment—is limited to dog sniffs executed during the course of a legal traffic stop. Accordingly, Ms. Villa argues that in this case the dog sniff of the rental vehicle parked in a public place required probable cause because the rental vehicle was no longer part of a legal traffic stop. Ms. Villa invokes the dissenting opinions in *Caballes* to support her position.

This court has rejected the limited reading of *Caballes* Ms. Villa proposes. Prior to *Caballes*, we held that a random dog sniff of a vehicle without prior lawful detention or reasonable suspicion is not a search subject to the Fourth Amendment. *United States v. Ludwig*, 10 F.3d 1523, 1527 (10th Cir. 1994). After *Caballes*, we confirmed our position on this issue and held that "[a] dog sniff of the exterior of a vehicle parked in a public place . . . is not a Fourth Amendment intrusion." *United States v. Engles*, 481 F.3d 1243, 1245 (10th Cir. 2007). Therefore, Ms. Villa's limited reading of *Caballes* is foreclosed by circuit precedent. In this circuit, a dog sniff by a reliable drug-detection dog of a vehicle parked in a public place does not implicate the Fourth Amendment and does not require probable cause.

B.     The Dog Was Sufficiently Reliable for Its Alert to Establish Probable Cause

The probable cause standard does not require certainty or even a showing

- 4 -

that it is more probable than not that contraband or evidence will be found. *Texas v. Brown*, 460 U.S. 730, 742 (1983). Rather, probable cause requires only a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). It is firmly established in this circuit that alerts by reliable drug-detection dogs provide probable cause to conduct a search. *See, e.g., United States v. Kennedy*, 131 F.3d 1371, 1378 (10th Cir. 1997); *United States v. Klinginsmith*, 25 F.3d 1507, 1510 (10th Cir. 1994); *Ludwig*, 10 F.3d at 1527. Indeed, we have found that "a dog alert usually is at least as reliable as many other sources of probable cause and is certainly reliable enough to create a fair probability that there is contraband." *Ludwig*, 10 F.3d at 1527 (quotations omitted). A drug-detection dog's reliability is primarily established by the dog's training and certification. *See Kennedy*, 131 F.3d at 1378 (stating that a dog's "reliability should come from the fact that the dog is trained and annually certified to perform a physical skill") (citation omitted).

Ms. Villa contends Deputy Mathes established only a fifty percent reliability rate for the dog used in this case which, she argues, is insufficient to provide probable cause to search. Indeed, an alert by a dog with a poor accuracy record might not provide probable cause to search. *Ludwig*, 10 F.3d at 1528. In this case, however, the district court found that the dog used had completed certification for the three years prior to the search of Ms. Villa's rental vehicle and was "fully trained and certified to detect narcotics" at the time it alerted to

- 5 -

Ms. Villa's rental vehicle. *United States v. Villa*, No. 08-10004-01-JTM, 2008 WL 2949760, at *2 (D. Kan. July 30, 2008). This critical finding is fatal to Ms. Villa's claim, because a drug-detection dog's reliability is primarily based on the dog's proper training and certification.

Moreover, Deputy Mathes's testimony established a much higher reliability rate than Ms. Villa suggests. Although Deputy Mathes testified that he did not find drugs about fifty percent of the times his dog alerted, he clarified that in ninety-nine percent of those instances where no drugs were found the subject of the search confirmed that drugs had been kept in the place searched on prior occasions. Therefore, the dog's reliability was adequately established both by the evidence of its proper training and certification and by Deputy Mathes's testimony. Accordingly, the alert by the dog in this case sufficiently established probable cause to search the rental vehicle.

C.   The District Court did not Err in Refusing to Order Additional Discovery of Documentary Evidence Regarding the Dog's Reliability

"A district court's discovery rulings are reviewed for an abuse of discretion." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002). "Under this standard, we defer to the trial court's judgment because of its first-hand ability to view the witness or evidence and assess credibility and probative value." *United States v. Gonzalez-Acosta*, 989 F.2d 384, 388 (10th Cir. 1993) (quotations omitted). Therefore, we will only reverse a district court's

discovery ruling that is "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Hernandez-Herrera*, 952 F.2d 342, 343 (10th Cir. 1991) (quotations omitted).

In this case, the district court found the dog's reliability was sufficient to provide probable cause based on the dog's proper certification and Deputy Mathes's testimony at the suppression hearing. Considering the dog's proper certification, Deputy Mathes's testimony regarding the dog's reliability, and Ms. Villa's cross examination of Deputy Mathes, we find the district court's refusal to order additional discovery of documentary evidence regarding the dog's reliability was not arbitrary, capricious, or manifestly unreasonable. *See Gonzalez-Acosta*, 989 F.2d at 389 (holding that further documentary evidence of a dog's reliability was not necessary because the dog was properly certified and defense counsel had the opportunity to extensively cross-examine the dog's handler). Therefore, the district court did not abuse its discretion in making this discovery ruling.

### III. CONCLUSION

In this case, the dog sniff was not a search under the Fourth Amendment and did not require probable cause. Furthermore, the dog's reliability, which was adequately established by its certification and Deputy Mathes's testimony, was sufficient to provide probable cause to search the vehicle; therefore, the district court did not err in refusing to order additional discovery of documentary

evidence regarding the dog's reliability.  Accordingly, we AFFIRM the district court's judgment.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge