**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 10, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RAMON ESPINOZA-AGUILAR, a/k/a
Ramon Aguilar Castro,

      Defendant - Appellant.

No. 09-8068
(D. Wyo.)
(D.C. No. 2:08-CR-00108-WFD-3)

---

**ORDER & JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel concludes that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is submitted for decision without oral argument.

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

Ramon Espinoza-Aguilar was convicted of two drug-related counts and sentenced to 384 months imprisonment. He appeals from his conviction and sentence claiming he received ineffective assistance from his trial counsel, Peggy A. Trent. He claims Trent provided him with information regarding certain witness statements, which the government allowed her to review in advance of trial on the express condition she not share the information with her client. Espinoza-Aguilar alleges the government threatened and intimidated Trent when it learned of her wrongful disclosure, creating a conflict between her representation of him and her own self-interest.

Trent filed a motion to withdraw prior to sentencing, stating she had been fired by Espinoza-Aguilar for reasons she could not ethically disclose. She attached to her motion a letter from Espinoza-Aguilar in which he said the prosecutors "threaten[ed] to put [Trent] in 'CONTEMPT' of court" when they learned she shared with him her notes regarding certain witness statements. (R. Vol. I at 451.) He said: "She was scared to the point of hospitalization. And then she contact[ed] my wife Bertha and she was [hysterical] with her too!!" (*Id.*) At sentencing, the judge said:

> I understand, Counsel, that your client has asked on a couple of occasions that he be permitted a new attorney. The court did not think that that was appropriate . . . . I saw nothing that would suggest that your representation of this defendant was deficient . . . .

(R. Vol. III at 1847.) Espinoza-Aguilar said: "[Trent] was scared by the government and she wasn't able to defend me any more, because she was threatened and scared by contempt of court or something like that." (*Id.* at 1849.) The court responded: "You know, Mr. Espinoza, that's the most ridiculous and absurd comment ever made in this

court." (*Id.* at 1849-50) He continued:

> You'll have a new lawyer on appeal. But this lawyer had to deal with the facts that were presented to this jury. And the facts against you, sir, in the assessment of this judge, were overwhelming. The government had the burden of proof to prove the case beyond a reasonable doubt. [It] did that with ample proof.

(*Id.* at 1850.)

The court recessed the sentencing because the interpreter had a prior commitment. Before the hearing resumed, Espinoza-Aguilar sent two more letters to the court complaining of Trent's conduct as well as the conduct of his court-appointed counsel who preceded Trent.[2] Trent renewed her motion to withdraw but the court denied the motion stating: "It is simply too late in this business to allow you to withdraw in this proceeding." (R. Vol. III at 1884.) Trent argued for leniency at sentencing. Although the advisory guideline range was life imprisonment, the court granted a two-level downward variance and sentenced Espinoza-Aguilar to 384 months imprisonment.

On appeal with new counsel, Espinoza-Aguilar presents only one argument—he received ineffective assistance of counsel because of his attorney's alleged conflict of interest.[3] The district court concluded there was no conflict of interest, characterizing

---

[2] Espinoza-Aguilar was originally represented by court-appointed counsel. That attorney filed a motion to withdraw because Espinoza-Aguilar refused to talk with him regarding specific defense efforts and stated he wanted "a new, substitute lawyer to be retained by his family." (R. Vol. IV at 63.) Trent was that lawyer.

[3] To the extent Espinoza-Aguilar's opening brief can be charitably read to challenge the trial court's failure to hold a hearing on Trent's motion to withdraw, we conclude any error is harmless because the court allowed Espinoza-Aguilar to explain why he was dissatisfied with Trent. *See United States v. Padilla*, 819 F.2d 952, 956 n.1 (10th Cir. 1987) (noting trial court's failure to conduct a formal inquiry on defendant's

- 3 -

Espinoza-Aguilar's argument as "ridiculous and absurd." (R. Vol. III at 1849.) While we are inclined to agree, we do not reach the issue. "Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Gallo*way, 56 F.3d 1239, 1240 (10th Cir. 1995).

> The reasons for this rule are self-evident . . . . A factual record must be developed in and addressed by the district court in the first instance for effective review. Even if evidence is not necessary, at the very least counsel accused of deficient performance can explain their reasoning and actions, and the district court can render its opinion on the merits of the claim.

*Id.* (footnote omitted). The government argues:

> The record in this case is plainly not sufficient to permit meaningful review of this issue now. While the record does include the Defendant's allegations, and the district court's reactions to those allegations in the context of denying the Defendant new counsel for his sentencing, the court does not have before it any comprehensive response by the Defendant's trial counsel to the Defendant's claims. Moreover, the district court itself has not weighed in on the Defendant's claims in the context of applying the law governing ineffective assistance of counsel claims.

(Appellee's Br. at 16.)

We agree with the government.

**DISMISSED**.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge

---

request for substitute counsel "is harmless where the defendant otherwise stated his reasons for dissatisfaction").