**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

RAMON ESPINOZA-AGUILAR,

   Defendant - Appellant.

No. 11-8080
(D.C. Nos. 1:11-CV-00071-NDF and
2:08-CR-00108-WFD-3)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

  Espinoza-Aguilar seeks to appeal from the district court's order partially denying

his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.[1]  Acting pro se,

he contends (1) he was denied effective assistance of counsel; (2) he was entitled to a

---

  [*] The parties have waived oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  This case is submitted for decision on the briefs.

  This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A).  Citation to unpublished decisions is not prohibited.  Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value.  10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished).  *Id.*

  [1] Our jurisdiction derives from 28 U.S.C. § 1291. We construe Espinoza-Aguilar's pleadings liberally because he is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

new presence report and sentencing hearing; and (3) the district court failed to rule on all of the issues he raised in his motion. With respect to the first two issues, we deny his application for a certificate of appealability (COA) and dismiss those claims. With respect to the third issue, we grant a COA and affirm.

## BACKGROUND AND PROCEDURAL HISTORY

Espinoza-Aguilar was convicted on April 14, 2009, following a jury trial in the U.S. District Court for the District of Wyoming, on two counts relating to the distribution of methamphetamine. The indictment on which he was convicted and sentenced charged him with one count of conspiracy to possess with intent to distribute, and to distribute, methamphetamine[2] as well as one count of conducting a continuing criminal enterprise (CCE).[3] He was sentenced to 384 months imprisonment. He then appealed from his conviction and sentence claiming he was denied effective assistance of counsel. *United States v. Espinoza-Aguilar*, 390 F. App'x 801 (10th Cir. 2010). As ineffective assistance of counsel claims should almost always be raised in a § 2255 motion, we dismissed the appeal. *Id.* at 802-03.[4] He then filed this § 2255 motion, which advances ineffective assistance of counsel claims against his trial counsel and appellate counsel.

The district court agreed with one of his arguments – his trial counsel was

---

[2] In violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).

[3] In violation of 21 U.S.C. § 848(a) and (c).

[4] *See also United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir.1995) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.").

ineffective in failing to argue that the conspiracy charge was a lesser-included offense of the CCE charge – and vacated the sentence on the conspiracy charge. Because his original sentence imposed concurrent terms of incarceration on both charges, the court did not change his prison term but did relieve him of ten years of supervised release and a $100 special assessment.

The court did not address all of his other arguments but rejected those it did consider. It denied his request for a COA, however it permitted him to proceed on appeal without prepayment of fees, i.e., *in forma pauperis* (*ifp*).

## DISCUSSION

A COA is a jurisdictional prerequisite to our review of a motion for relief under 28 U.S.C. § 2255. 28 U.S.C. § 2253(c); *see Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Ordinarily, we issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller–El*, 537 U.S. at 338.

We agree with Espinoza-Aguilar that the district court failed to rule on one of the issues raised in his § 2255 motion. We grant the COA only with respect to that issue.

A.    Ineffective Assistance of Counsel

Espinoza-Aguilar contends the district court erred in (1) denying his request for an evidentiary hearing as to whether his trial counsel had a conflict of interest; (2) concluding trial counsel had not conceded his guilt to the jury; (3) concluding trial counsel did not fail to raise a colorable statute of limitations defense; and (4) concluding trial counsel did not fail to raise a plausible *Blakely*[5]/*Booker*[6] objection to the CCE charge.

To demonstrate ineffectiveness of counsel, the defendant must generally show how counsel's performance fell below an objective standard of reasonableness and how that deficient performance was prejudicial. *United States v. Lopez*, 100 F.3d 113, 117-18 (10th Cir. 1996). We review claims of ineffective assistance de novo. *Id.*

1.    Evidentiary Hearing

Prior to trial, defense counsel provided Espinoza-Aguilar with certain discovery documents in violation of the district court's order. After a co-defendant complained of threats from Espinoza-Aguilar, officials searched Espinoza-Aguilar's jail cell and discovered the documents. According to Espinoza-Aguilar, his trial counsel's fear of sanctions for her violation caused his representation to be deficient. He included an affidavit from his wife with his § 2255 motion; it stated defense counsel was "hysterical" about a government threat to "file contempt charges against her." (R. Vol. II at 59.)

---

[5] *Blakely v. Washington*, 542 U.S. 296 (2004).

[6] *United States v. Booker*, 543 U.S. 220 (2005).

Section 2255 "provides for an evidentiary hearing unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (quotations omitted). Where, as here, the allegations in the § 2255 motion, if proved, would entitle the movant to relief, we review the district court's summary denial of an evidentiary hearing for an abuse of discretion. *Id.*; *see, e.g., Hammon v. Ward*, 466 F.3d 919, 929 (10th Cir. 2006) ("[A] defendant who shows that a conflict of interest *actually* affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief.") (quotation omitted).

After reviewing the record, we perceive no abuse of discretion. The district court correctly concluded the allegations, if proved, would not demonstrate a conflict of interest because (1) both defense counsel and Espinoza-Aguilar shared "an incentive to minimize the improper dissemination of investigative reports;" (2) "there was no mention in the record of the possibility of the Court holding Espinoza-Aguilar's trial counsel in contempt;" and (3) the record did not support Espinoza-Aguilar's assertion that the discovery of the improper disclosure resulted in a palpable change in the intensity or quality of defense counsel's representation. (R. Vol. I at 117.) Our "preliminary, though not definitive" analysis of the court's order reveals no flaw in ITS reasoning. *See Miller– El*, 537 U.S. at 338.

2.      Concession of Guilt

Espinoza-Aguilar next argues he was denied the effective assistance of counsel because his trial counsel conceded his guilt. As he points out, such conduct "represents a

paradigmatic example of the sort of breakdown in the adversarial process that triggers a presumption of prejudice." *United States v. Williamson*, 53 F.3d 1500, 1511 (10th Cir. 1995).

Yet, as the record clearly indicates, that did not happen here. Trial counsel did not concede his guilt. While she acknowledged to the jury that they might be able to "find he's guilty of something," she argued he was not guilty of the crimes charged in the indictment in both opening and closing arguments. (R. Vol. I at 126.) We see nothing even debatably incorrect in the district court's conclusion that counsel's statements were "not an admission of Mr. Espinoza-Aguilar's guilt on the charges in the case." (R. Vol. I at 127.)

3.      Statute of Limitations Defense

Likewise, the record belies Espinoza-Aguilar's argument that his trial counsel erred in failing to raise a statute of limitations defense to the CCE charge. The statute of limitations for this offense was five years. *See* 18 U.S.C. § 3282(a). The overt acts charged occurred in July 2003; the indictment was issued in May 2008. Espinoza-Aguilar does not dispute these dates in his brief. While he argues overt acts prior to May 2003 are time-barred, the prosecution relied on overt acts which began in July 2003. He does not argue that these acts do not relate to the CCE.[7] Absent a colorable statute of limitations issue, counsel was not ineffective for failing to raise it.

---

[7] *See United States v. Qayyum,* 451 F.3d 1214, 1218 (10th Cir. 2006) ("The fact that the conspiracy began outside the limitations period will not prevent prosecution as long as at least one overt act in furtherance of the conspiracy occurred within five years of the indictment.") (citation omitted).

4.      Blakely/Booker Objection to CCE Charge

Espinoza-Aguilar next argues his trial counsel was ineffective for failing to object to the CCE charge on *Blakely*/*Booker* grounds.[8]  He asserts the prosecution was not permitted to rely on uncharged conduct in establishing the CCE, and trial counsel was ineffective for failing to bring this error to the district court's attention.  Again, the record undercuts the factual premise of his argument.

Espinoza-Aguilar's argument bears elaboration.  Under the applicable statute:

[A] person is engaged in a continuing criminal enterprise if –

(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and

(2) such violation is a part of a *continuing series of violations* of this subchapter or subchapter II of this chapter. . . .

21 U.S.C. § 848(c) (emphasis added).  He argues that, to conform to the requirements of *Blakely* and *Booker*, the prosecution must not only charge the CCE in its indictment but must actually charge and convict on each violation in the "continuing series of violations."  As he acknowledges, we have rejected this argument.  *See United States v. Almaraz*, 306 F.3d 1031, 1039 (10th Cir. 2002) ("[W]e hold the jury is not limited to considering only those acts for which it returned a guilty verdict when determining which acts make up the 'continuing series of violations.'").  Nevertheless, he asserts *Almaraz* is

_____

[8] It is difficult to discern from Espinoza-Aguilar's brief whether this argument on appeal continues to focus, as did his § 2255 motion, on trial counsel's ineffectiveness for failing to object, or whether his argument on appeal is that he is entitled to relief because his conviction is invalid under *Blakely* and *Booker*.  Because both arguments are meritless under our analysis, the distinction is not significant here.

no longer good law after *Blakely* and *Booker*. In his view, "any factor that serves to increase a defendant's sentence 'must be charged in the indictment and proved to a jury beyond a reasonable doubt.'"[9] (Appellant's Br. 33.)

Espinoza-Aguilar's statement of the law is inaccurate. "It has been settled throughout our history that the Constitution protects every criminal defendant 'against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *United States v. Booker*, 543 U.S. 220, 230 (2005) (quoting *In Re Winship*, 397 U.S. 358, 364 (1970)). Nothing about this requirement undercuts the holding in *Almaraz,* because *Almaraz* never purported to allow a conviction without proof beyond a reasonable doubt on every fact necessary to constitute the crime – including the fact of any particular alleged violation. *See Almaraz*, 306 F.3d at 1039.

Here, the jury's instructions required it to find, in accord with these principles, each of the violations in the continuing series beyond a reasonable doubt. The district court instructed the jury that "to return a guilty verdict, the government must provide and all twelve of you must agree by proof beyond a reasonable doubt that he committed at

---

[9] The language Espinoza-Aguilar cites in his brief in support of his statement of the law comes from *Blakely*, 542 U.S. at 302 n.5. Yet that language was not the holding or conclusion of the Court, but, rather, an aside discussing a quotation from an 1862 treatise on criminal procedure. *See id.* (quoting J. Archbold, *Pleading and Evidence in Criminal Cases* 51, 50-56 (15th ed. 1862)). While it is true that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), his sentence did not exceed the statutory maximum, so the *Apprendi* rule does not apply in this case.

least three (3) of the acts listed and you must also unanimously agree upon which of the listed acts, if any, the defendant committed." (R. Vol. I at 128.) The jury found Espinoza-Aguilar guilty beyond a reasonable doubt on "every fact necessary to constitute the crime with which he was charged." *See Booker*, 543 U.S. at 230. Accordingly, trial counsel was not ineffective for failing to object on this basis.

The district court correctly addressed Espinoza-Aguilar's ineffective assistance arguments; no reasonable jurist would have resolved these issues in a different manner. *See Slack*, 529 U.S. at 484.

B.      Resentencing Hearing and New Presentence Investigation Report

Espinoza-Aguilar next contends the district court erred when, as a result of concluding that one of his convictions was a lesser-included offense of the other (and counsel was ineffective for failing to raise the issue), it simply vacated those portions of the sentence it found attributable to that defect. He argues the district court should have ordered a new presentence investigation report (PSR) and held a new sentencing hearing because "the offense level and relevant conduct triggering the 32-year sentence came from the conspiracy count the court has vacated." (Appellant's Br. 25-26.) He also argues the district court failed to address this issue.

Once again, the record belies Espinoza-Aguilar's contention. As the court explained at resentencing, the offense level and relevant conduct applicable to the CCE count still result in the offense level of 42, even without the conspiracy claim:

> The Court finds that after vacating the conspiracy conviction, the guideline calculation is still correct. The guideline sentence was calculated using the CCE guideline, U.S.S.G. §2D1.5, which cross references the drug quantity

- 9 -

table of §2D1.1.  Section 2D1.5 imposes the greater base offense level of 38, or 4 plus the offense level required by the drug quantity determined in §2D1.1.  Pursuant to §2D1.1, Mr. Espinoza-Aguilar's drug quantity offense level was 38, based on the jury finding his possession/distribution of 500 grams or more of methamphetamine and the PSR finding of relevant conduct of more than 15 kilograms of [m]ethamphetamine.  Pursuant to § 201.1(b)(1), Mr. Espinoza-Aguilar received a two level enhancement for possessing a firearm.  Therefore, his offense level determined in §2D1.1 was 40, then pursuant to §2D1.5, four levels were then added based on Mr. Espinoza-Aguilar's conviction of CCE for a total offense level of 44.  Mr. Espinoza-Aguilar did not receive any enhancement for his role as organizer or leader of a criminal activity that involved five or more participants, because this enhancement is not authorized, as the four level enhancement of §2D1.5 reflects an adjustment for the role in the offense.

(R. Vol. I at 121-22 (citations omitted).)  Our "preliminary, though not definitive" analysis of the district court's order reveals no flaw in its reasoning.  *See Miller–El*, 537 U.S. at 338.  The court properly relied on conduct relevant to the CCE conviction to calculate Espinoza-Aguilar's offense level and sentence.[10]

The district court properly resentenced Espinoza-Aguilar.  No reasonable jurist would consider its failure to pursue redundant and unnecessary errands even debatably incorrect.  *See Slack*, 529 U.S. at 484.

C.    Unaddressed Issues

Finally, Espinoza-Aguilar complains of the district court's failure to address all of the issues he raised in his § 2255 motion.  Although he alleges the "district court left at least five of the issues presented in the § 2255 motion without an answer," he enumerates

---

[10] *United States v. Bendolph*, which Espinoza-Aguilar cites in support of his argument, is inapposite. 409 F.3d 155 (3d Cir. 2005) (en banc).  *Bendolph* concluded indigent § 2255 movants are entitled to the appointment of counsel prior to an evidentiary hearing.  *Id.* at 160.  It simply does not address a movant's entitlement to a new sentencing hearing or PSR.  *See id.*

only two.[11]  (Appellant's Br. 29-30.)  We have already addressed those portions of his argument related to his base offense level at resentencing.  He also argues the district court failed to rule on his argument that his appellate counsel was ineffective for failing to challenge the trial court's admission of certain items of physical evidence – in particular two pounds of methamphetamine, 156.1 grams of cocaine, cutting agents, and cash – which he believes were illegally seized from his home in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966).

His trial counsel successfully argued for the exclusion of Espinoza-Aguilar's statements, including statements made to officers *after* he was given his *Miranda* warnings.[12]  But Espinoza-Aguilar now argues the *physical evidence* the police discovered as a result of the unwarned questioning should have been suppressed as well. The district court must consider the issues presented in a § 2255 motion and our review of the record confirms Espinoza-Aguilar's claim - he raised this issue and the district court did not discuss it.  *See Clisby v. Jones,* 960 F.2d 925, 936 (11th Cir. 1992). However, as the applicable law forecloses Espinoza-Aguilar's argument, we need not

---

[11] To the extent there are other issues the district court failed to address, Espinoza-Aguilar forfeited his complaints about them by failing to demonstrate the alleged errors and his entitlement to relief.  *See Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995) ("A court of appeals is not required to manufacture an appellant's argument on appeal when it has failed in its burden to draw our attention to the error below.") (quotation omitted).

[12] For further clarity on this issue, we have reviewed the district court's order, which was filed in this court on direct appeal.  *See, e.g., Gee v. Pacheco,* 627 F.3d 1178, 1191 (10th Cir. 2010) (stating that we may take judicial notice of the records of prior proceedings).

remand to the district court for consideration of this issue. *See Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995) (noting we are free to affirm the district court's decision on "any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court") (quotation omitted).

Appellate counsel may be ineffective if he or she "unreasonably overlook[s] meritorious grounds for appeal." *Lopez*, 100 F.3d at 119. But that didn't happen here. Prosecutors are free to use physical evidence obtained as a result of voluntary statements even if they are elicited in violation of *Miranda*. *United States v. Phillips*, 468 F.3d 1264, 1265 (10th Cir. 2006) ("[P]hysical evidence obtained as fruit of a voluntary statement by a defendant to a law-enforcement officer is admissible at trial regardless of whether the officer gave the defendant *Miranda* warnings."). Espinoza-Aguilar's appellate counsel was not ineffective for failing to press this meritless issue. *See Slack*, 529 U.S. at 484.

With respect to the *Miranda* issue the district court failed to address we GRANT his request for a COA and AFFIRM. With respect to all other issues, we DENY Espinoza-Aguilar's request for a COA and DISMISS them.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge